# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

ROBERT YOUNG'S AUTO & TRUCK, INC.,

        Plaintiff,

v.                                  Civil Action No.: 6:23-cv-00020-NKM

RYDER TRUCK RENTAL, INC.,

        Defendant.

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, Robert Young's Auto & Truck, Inc. ("Robert Young's"), by counsel, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, files this Motion for Partial Summary Judgment on the issue of liability against Defendant, Ryder Truck Rental, Inc. ("Ryder"), and in support thereof, states as follows:

### INTRODUCTION

This case arises out of Ryder's failure to pay Robert Young's for the tow, recovery and storage of its tractor-trailer following an accident on I-81 in Rockbridge County on March 19, 2022. Robert Young's, was dispatched to the scene of the accident by the Virginia State Police to perform heavy-duty towing and recovery services. Robert Young's winched the jackknifed unit up an embankment, pulled it into the roadway, cleared the scene, and eventually hauled the unit to its storage facility located in Buchanan, Virginia. Additionally, the tractor-trailer was full of frozen sides of beef, which Ryder failed to retrieve. Robert Young's eventually had to get state approval to dispose of the putrid and spoiled beef. Robert Young's issued Ryder an invoice for its services,

which has not been paid. Ryder has refused to pay any amount owed to Robert Young's.

The purpose of this Motion is to narrow the issues at trial to those which are truly in dispute. Simply put, Ryder "admits that it owes Robert Young's for the fair and reasonable charges for the services rendered in connection with the Accident." *See* Def.'s Ans. to Req. for Adm. No. 17.[1]  As a result, the trial of this matter should concern only damages.

In other words, there is no genuine dispute of material fact that Robert Young's (i) performed the work in question;[2] (ii) dispatched the equipment and personnel to the scene, as indicated on its invoice;[3] (iii) hauled the wrecked unit to its storage facility;[4] and (iv) has not been paid for its services in connection with the accident.[5] The only dispute between the parties is the amount Robert Young's is owed for those services.  Therefore, in an effort to streamline trial and promote judicial economy, Robert Young's now seeks partial summary judgment on the issue of liability against Ryder.  Specifically, Robert Young's requests this Court grant it partial summary judgment such that the upcoming trial be limited only to the issue of damages.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

On March 19, 2022, a Tractor (VIN # 3HDJAPR0GN01560) and Trailer (VIN # 1UYVS2539CM264203) (together, the "Tractor-Trailer") owned by Ryder crashed through a guardrail on the right side of the highway, fell down an embankment, and jackknifed at or around mile-marker 175.3 on I-81 southbound in Rockbridge County, Virginia (the "Accident").  Ans. ¶ 6; *see* Def.'s Ans. to Req. for Adm. Nos. 1-3.

---

[1] A copy of Ryder's Responses to Requests for Admission are attached to this Motion as **Exhibit A**.
[2] *See* Def.'s Ans. to Req. for Adm. Nos. 12, 14.  A copy of Robert Young's Invoice is attached to this Motion as **Exhibit B**.
[3] *See* Def.'s Ans. to Req. for Adm. Nos. 5-11, 13.
[4] *See* Def.'s Ans. to Req. for Adm. No. 15.
[5] *See* Def.'s Ans. to Req. for Adm. No. 18.



*See* RY_0271.

The Virginia Department of Transportation through the Transportation Operations Center and in connection with the Virginia State Police contacted Robert Young's to perform the recovery and tow of the Tractor-Trailer and clean-up of its cargo, which consisted of frozen meat products. *See* Def.'s Ans. to Req. for Adm. Nos. 4, 14. When Robert Young's arrived to the scene of the Accident, it found the Tractor-Trailer jackknifed, with considerable front-end damage, and its cargo approximately 30-40 yards down into the woods off the side of the highway. *See* Ans. ¶ 8; Def.'s Ans. to Req. for Adm. Nos. 4, 12, 14.

In response, Robert Young's dispatched the following equipment and personnel to perform the recovery: (i) one 85-ton rotator; (ii) two 65-ton rotators; (iii) one 40-ton Heavy-Duty Slider Wrecker; (iv) one crash truck with recovery support trailer; (v) a road tractor; (vi) two light towers; (vii) and eight additional TRIP operators. *See* Def.'s Ans. to Req. for Adm. Nos. 5-14.

Robert Young's then began a five-and-a-half hour clean-up recovery process, which

3

included winching the Tractor-Trailer up a steep embankment, cleaning up all debris and spilled cargo, and loading the Tractor-Trailer for hauling. *See* Def.'s Ans. to Req. for Adm. No. 12. Once finished, Robert Young's hauled the Tractor-Trailer to its storage facility located at 14760 Lee Highway, Buchanan, Virginia. *See* Def.'s Ans. to Req. for Adm. No. 15.

Ryder has not paid Robert Young's for any services rendered in connection with the Accident. *See* Def.'s Ans. to Req. for Adm. No. 18. Ryder admits, however, that "it owes Robert Young's for the fair and reasonable charges rendered in connection with the Accident." Def.'s Ans. to Req. for Adm. No. 17.

## LEGAL STANDARD

Summary judgment is proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To defeat summary judgment, the non-moving party must come forward with "concrete evidence from which a reasonable juror could return a verdict in [his or her] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The non-moving party must "cit[e] to particular parts of materials in the record" that establish a "genuine[] dispute[]" as to material facts. Fed. R. Civ. P. 56(c)(1). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-movant's] case." *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (citation and internal quotation marks omitted); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (stating that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.").

28356/22/11508864v2

# ARGUMENT

## I.  There is No Genuine Dispute of Material Fact as to Ryder's liability to Robert Young's.

Ryder admits that Robert Young's performed the work as described on the invoice and that it owes Robert Young's a reasonable fee for the work performed. Robert Young's has sued Ryder under three theories of recovery (1) to enforce its statutory lien; (2) unjust enrichment; and (3) to enforce the statutory payment provisions under Virginia law.

### A.  Robert Young's has a lien on Ryder's Tractor-Trailer.

Based on Ryder's admissions, Robert Young's is entitled to sell the Tractor-Trailer and apply the proceeds to Ryder's invoice. Under Virginia law, when a vehicle is removed after being involved in an accident at the request of the Virginia State Police and/or the Virginia Department of Transportation, "the owner and carrier of the vehicle . . . shall reimburse . . . entities acting on behalf of VDOT . . . for all costs incurred in the removal . . . of such property." Va. Code § 46.2-1212.1. Likewise,  "[e]very keeper of a garage and every person keeping any vehicles shall have a lien upon such vehicles for the amount that may be due him for the towing, storage, recovery, and care thereof, until such amount is paid." Va. Code § 46.2-644.01. Further, pursuant to Virginia Code § 46.2-644.01(F), the owner is liable for the costs of the recovery, towing and storage of any truck along with its trailer or semitrailer.

Here, Ryder admits it owns the Tractor and Trailer. *See* Def.'s Ans. to Req. for Adm. Nos. 1-3. Ryder also admits that Robert Young's performed certain heavy-duty towing and recovery services in response to the Accident at the request of the Virginia State Police. Def.'s Ans. to Req. for Adm. Nos. 4-15. And finally, Ryder admits it owes Robert Young's for the services provided in relation to the Accident and subsequent recovery, tow, and storage of the Tractor-Trailer. Def.'s

Ans. to Req. for Adm. No. 17. Thus, by virtue of statute, Robert Young's holds a lien, for which Ryder is liable, on the Tractor-Trailer for the "towing, storage, recovery, and care thereof, until such amount is paid." *See* Va. Code § 46.2-644.01. Accordingly, there is no genuine dispute of material fact as to whether Robert Young's holds a lien against the Tractor-Trailer.

> **B.  Ryder admits it received a benefit from Robert Young's and is required to pay for the value of Robert Young's services.**

Count II asserts a claim for unjust enrichment against Ryder.  *See* (Compl. ¶¶ 31-37.)  To succeed on that claim, Robert Young's must ultimately show "(1) a plaintiff 'conferred a benefit' on a defendant; (2) the defendant 'knew of the benefit and should reasonably have expected to repay' the plaintiff; and (3) the defendant 'accepted or retained the benefit without paying for its value.'" *Student A v. Liberty Univ., Inc.*, 602 F. Supp. 3d 901, 912 (W.D. Va. 2022) (quoting *T. Musgrove Constr. Co. v. Young*, 840 S.E.2d 337, 341 (Va. 2020)).

As discussed above, Ryder admits that (i) Robert Young's performed heavy-duty towing, recovery, and storage services;[6] (ii) it owes Robert Young's for the heavy-duty towing, recovery, and storage services provided;[7] and (iii) it has not paid Robert Young's for those services.[8] The only remaining issue, therefore, is that of damages. Damages in unjust enrichment cases are "measured by the loss avoided or by a reasonable charge for the services provided, whichever is less." *T. Musgrove Constr. Co.*, 840 S.E.2d at 342; *see also  Liberty Univ.*, 602 F. Supp. 3d at 912 (noting that damages are calculated by the amount of the "benefit realized and retained by the defendant").

---

[6] Def.'s Ans. to Req. for Adm. Nos. 5-15.
[7] Def.'s Ans. to Req. for Adm. No. 17.
[8] Def.'s Ans. to Req. for Adm. No. 18.

28356/22/11508864v2

**C. The Virginia Code requires Ryder to pay Robert Young for "all costs" incurred by Robert Young.**

The General Assembly has codified protections for recovery companies who act at the direction of law enforcement. Virginia Code §§ 46.2-1209 and 46.2-1212.1 give authority to law enforcement to remove wrecked or abandoned vehicles from the highway. Both sections require the owner of the vehicle to pay "all costs incidental to the removal and storage of the vehicle" (46.2-1209) and "all costs incurred in the removal and subsequent disposition of such property" (46.2-1212.1). Ryder admits that law enforcement ordered the removal of its wrecked vehicle from the highway. Accordingly, by statute, Robert Young's is entitled to all costs incident to the removal and storage of the vehicle.

**II.     The Only Issue for Trial is the Reasonable Value of Robert Young's Invoice.**

Robert Young's as issued an invoice for its costs incurred in the removal and disposition of Ryder's property. Ryder disputes the reasonableness of some of Robert Young's charges. Both sides have designated experts on that issue. The only issue the jury should decide is how much Ryder owes Robert Young's.

<div align="center">

**CONCLUSION**

</div>

The foregoing undisputed evidence establishes that Robert Young's is entitled to judgment as a matter of law as to (i) the existence of a statutory lien on the Tractor-Trailer; and (ii) liability on its unjust enrichment and statutory claims against Ryder. Accordingly, Robert Young's respectfully requests the entry of an Order granting its Motion for Partial Summary Judgment and awarding any and all further relief as is proper.

Respectfully submitted,

**ROBERT YOUNG'S AUTO & TRUCK, INC.**

By: /s/ _Alicha Grubb_
Of Counsel

Alicha M. Grubb (VSB No. 90761)
William L. Spotswood (VSB No. 97239)
GENTRY LOCKE
10 Franklin Road S.E., Suite 900
P.O. Box 40013
Roanoke, VA 24022-0013
Telephone:  (540) 983-9300
Fax: (540) 983-9400
grubb@gentrylocke.com
spotswood@gentrylocke.com

*Counsel for Plaintiff*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of November, 2023, a copy of the foregoing was electronically filed using the CM/ECF system, which provided electronic service to all counsel of record.

/s/   *Alicia Grubb*

28356/22/11508864v2

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

ROBERT YOUNG'S AUTO & TRUCK, INC.,

        Plaintiff,

v.                              Civil Action No.: 6:23-cv-00020-NKM

RYDER TRUCK RENTAL, INC.,

        Defendant.

## DEFENDANT, RYDER TRUCK RENTAL, INC.'S RESPONSES TO FIRST REQUESTS FOR ADMISSIONS FROM ROBERT YOUNG'S AUTO & TRUCK, INC.

Now comes Defendant, Ryder Truck Rental, Inc. (hereinafter, "Ryder"), by counsel, and responds as follows to the First Requests for Admissions from Robert Young's Auto & Truck.

## GENERAL OBJECTIONS

Any instruction, definitions and/or requests for updated information are objected to as overly broad, unduly burdensome and beyond the scope of Fed.R.Civ. P. 26(b) and 36. Notwithstanding and without waiving the foregoing objections, Ryder responds to Plaintiff's First Request for Admissions as follows:

    1.    Admit that you owned the Tractor on the date of the Accident.

**RESPONSE: Admitted.**

    2.    Admit that you owned the Trailer on the date of the Accident.

**RESPONSE: Admitted.**

    3.    Admit that the Tractor-Trailer was involved in the Accident.

**RESPONSE: Admitted.**

    4.    Admit that Robert Young's responded to the Accident as a TRIP call.

**RESPONSE: Admitted based on the Defendant's review of the Plaintiff's Invoice.**

5.      Admit that Robert Young's dispatched one (1) 85-ton rotator to the Accident.

**RESPONSE: Admitted based on the Defendant's review of the Plaintiff's Invoice and scene photographs.**

6.      Admit that Robert Young's dispatched two (2) 65-ton rotators to the Accident.

**RESPONSE: Admitted based on the Defendant's review of the Plaintiff's Invoice and scene photographs.**

7.      Admit that Robert Young's dispatched one (1) 40-ton Heavy Duty Slider Wrecker

to the Accident.

**RESPONSE:  Admitted based on the Defendant's review of the Plaintiff's Invoice and scene photographs.**

8.      Admit that Robert Young's dispatched one (1) Crash Truck with Recovery Support

Trailer to the Accident.

**RESPONSE: Admitted based on the Defendant's review of the Plaintiff's Invoice and scene photographs.**

9.      Admit that Robert Young's dispatched one (1) Road Tractor to the Accident.

**RESPONSE: Admitted based on the Defendant's review of the Plaintiff's Invoice and scene photographs.**

10.      Admit that Robert Young's utilized two (2) light-towers at the Accident.

**RESPONSE: Admitted based on the Defendant's review of the Plaintiff's Invoice and scene photographs.**

11.      Admit that Robert Young's dispatched eight (8) TRIP operators to the Accident.

**RESPONSE: Admitted based on the Defendant's review of the Plaintiff's Invoice.**

12.      Admit that narrative provided on pages 1-3 and the top of page 4 of the Invoice

accurately describes the Accident and Robert Young's response to the Accident.

2

**RESPONSE: Admitted that the narrative portion of the Invoice accurately describes the Accident and Robert Young's response to the Accident based on the Defendant's review of the Plaintiff's Invoice and scene photographs.**

13.     Admit that the Invoice accurately describes the equipment provided by Robert

Young's related to the Accident.

**RESPONSE: Admitted that the Invoice accurately describes the equipment provided by Robert Young's based on the Defendant's review of the Plaintiff's Invoice and scene photographs.**

14.     Admit that the Invoice accurately describes the services provided by Robert

Young's related to the Accident.

**RESPONSE: Admitted that the Invoice accurately describes the services provided by Robert Young's based on the Defendant's review of the Plaintiff's Invoice and scene photographs.**

15.     Admit that Robert Young's transported the Tractor-Trailer to its storage facility at

14760 Lee Highway in Buchanan, Virginia  after the Accident.

**RESPONSE: Admitted based on the Defendant's review of the Plaintiff's Invoice.**

16.     Admit that you did not provide Robert Young's with signed titles for the Tractor-

Trailer until June 13, 2023.

**RESPONSE: Admitted that the Defendant did not provide the signed titles until June 13, 2023.  In further responding, the Defendant states that it offered to provide Robert Young's with the signed titles for the Tractor and for the Trailer as early as June 24, 2022, but Robert Young's rejected the Defendant's offer and continued to refuse to accept the Defendant's offer to accept the signed titles until June 2023.**

17.     Admit that you owe money to Robert Young's for the services rendered in

connection with the Accident.

**RESPONSE: The Defendant admits that it owes Robert Young's for the fair and reasonable charges for the services rendered in connection with the Accident.**

18.     Admit that you have not paid Robert Young's for any services rendered in

connection with the Accident.

**RESPONSE: Admitted.  In further responding, the Defendant states that it has offered to pay Robert Young's fair and reasonable charges for the services rendered in connection with the Accident, but Robert Young's rejected the Defendant's offer.**

                                                        **RYDER TRUCK RENTAL, INC.**

                                                        by Counsel

_____/s/_____
James R. Jebo (VSB No. 48418)
*Counsel for Ryder Truck Rental, Inc.*
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
jjebo@hccw.com

_____/s/_____
Shahan J. Kapitanyan (admitted *pro hac vice*)
*Counsel for Ryder Truck Rental, Inc.*
BRAND & TAPPLY, LLC
555 Washington Street, Suite 6
Wellesley, Massachusetts 02482
(781) 431-7878
skapitanyan@brandtapply.com

# C E R T I F I C A T E

I hereby certify that on the _____ day of November, 2023, I electronically mailed the foregoing to the following.

Alicha M. Grubb, Esq.
William L. Spotswood, Esq.
Gentry Locke
10 Franklin Road, S.E., Suite 900
Roanoke, VA 24011
540-983-9300 - Phone
540-983-9400 - Fax
Grubb@gentrylocke.com
spotswood@gentrylocke.com

<div style="margin-left:40%">

_____/s/_____

James R. Jebo (VSB No. 48418)
*Counsel for Ryder Truck Rental, Inc.*
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
jjebo@hccw.com

_____/s/_____

Shahan J. Kapitanyan (admitted *pro hac vice*)
*Counsel for Ryder Truck Rental, Inc.*
BRAND & TAPPLY, LLC
555 Washington Street, Suite 6
Wellesley, Massachusetts 02482
(781) 431-7878
skapitanyan@brandtapply.com

</div>

# EXHIBIT B

# Robert Young's Auto & Truck, Inc.

14760 Lee HWY., Buchanan, VA 24066
Mailing: 210 Carver Ave. NE, Roanoke, VA 24012

Phone No.: 540-254-1193
Phone No.: 540-982-3809
Fax No.: 540-982-3855

ROBERTYOUNGTRUCKS.COM

*Invoice*

| Date | Invoice # |
|------|-----------|
| 3/19/2022 | 326137 |

*Please pay from this invoice!*
*Thank you!*

## Bill To

Ryder Truck Rental, Inc.
d/b/a Ryder
11690 NW 105th Street
Miami, FL 33178

EIN: 54-1787856

| Terms | P.O. Number |
|-------|-------------|

| Qty. | Description | Amount |
|------|-------------|--------|

US DOT No.: 16130

Liability Recovery Clean-Up - Wrecker Service – Respond via emergency per The NWRO TOC – Northwest Regional Operations Traffic Operations Center, activating TRIP for an overturned tractor-trailer on Interstate 81 southbound mile marker 175.3! TRIP certified required qualifying equipment to include (1) 65-ton rotator with operator (TRIP #: 8049), (1) 40-ton heavy-duty slider wrecker (TRIP #: 2034), (1) crash truck with recovery support trailer (TRIP #: 8051 & #: 8050) and (1) TRIP Supervisor as well as additional equipment to include (1) 85-ton rotator, (1) 65-ton rotator (TRIP #: 8035), (1) 35-ton rotator (TRIP #: 8048), (1) 50-ton heavy-duty slider wrecker (TRIP #: 2019), (1) 30-ton heavy-duty slider wrecker (TRIP #: 8052), (2) light towers, (1) rollback with skid-steer, and (8) additional TRIP operators responded to the scene. Upon scene arrival, The Virginia State Police (VSP), The Local Fire Department, and The Virginia Department of Transportation (VDOT) were all on scene.  We performed a scene assessment and found a liability recovery clean-up accident with the tractor-trailer unit wrecked off of the right side of the roadway, after going through several feet of guardrail, down a steep embankment (29° angle) approximately 30-40 yards down in the woods landing in jackknife position nosed into the woods! The tractor-trailer unit was surrounded by trees, weeds, sticker bushes, and brush! There was heavy front-end damage with fluids leaking from the front-end of the tractor. We were advised the unit was hauling cargo/product/load of frozen meat. There was fluid (blood) from the cargo/product/load (meat) leaking from the rear of the trailer! A bucket with stay-dri was placed to contain the fluid (blood). We were advised Hazmat (Cedar Hill Farms Environmental) was en route to handle the fuel pump removal from the tractor-trailer unit. We began the liability recovery clean-up by first positioning the 85-ton rotator and (1) 65-ton rotator at the top of the steep embankment. The light towers were then setup for safe scene lighting and working conditions to all on scene. Once adequate lighting was in place we then began performing the clean-up removal. We first had to clean & clear a path to the tractor-trailer unit in order to recover and remove it from the woods. TRIP operators then cleared a path and the area around the wrecked/damaged tractor-trailer unit, using chainsaws and manual labor, cutting trees, weeds, sticker bushes, and brush. While the path and around the wrecked/damaged

**Total**

**Payments/Credits**

**Balance Due**

Page 1



**Robert Young's Auto & Truck, Inc.**

14760 Lee HWY., Buchanan, VA 24066
Mailing: 210 Carver Ave. NE, Roanoke, VA 24012

Phone No.: 540-254-1193
Phone No.: 540-982-3809          ROBERTYOUNGTRUCKS.COM
Fax No.: 540-982-3855

*Invoice*

| Date | Invoice # |
|------|-----------|
| 3/19/2022 | 326137 |

*Please pay from this invoice!*
*Thank you!*

| Bill To |
|---------|

Ryder Truck Rental, Inc.
d/b/a Ryder
11690 NW 105th Street
Miami, FL 33178

EIN: 54-1787856

| Terms |
|-------|

| P.O. Number |
|-------------|

| Qty. | Description | Amount |
|------|-------------|--------|

tractor-trailer unit was being cleared, other TRIP operators were removing the damaged guardrail and guardrail post at the top of the roadway. The first 65-ton rotator was setup with the outriggers extended and pads placed on for stability. The axle-lift rest pin was installed and the boom was rotated over to the guardrail. The damaged guardrail was then removed. Sections were cut using a chop saw and other sections were unbolted from the guardrail post, then using the first 65-ton rotator and rigging chains, the guardrail post were removed to allow room for the tractor-trailer unit to come back up the steep embankment, out of the woods. Once a clear path was made from the wrecked damaged tractor-trailer unit, up the steep embankment, back to the top at the shoulder of the roadway where the guardrail was removed, we then backed the other 65-ton rotator in position (rear facing/facing the wrong direction on the interstate) at the rear of the other 65-ton rotator. The other 65-ton rotator was then setup; the outriggers were extended and pads were placed on. The axle-lift rest pin was installed and the boom was rotated over towards the casualty. TRIP operators then place the hands-free communication system headsets on for safe clear communication during the recovery removal process of the tractor-trailer unit. Rigging chains were transported down the steep embankment and placed on the rear driver side and passenger side of the trailer.

Then the winch-lines on the two 65-ton rotators were pulled, and TRIP operators climbed down the steep incline with one winch-line from each 65-ton rotator and hooked together, one on each side to the rigging chains for the removal of the tractor-trailer unit. Once hooked up, TRIP operators then began working the two 65-ton rotators together, slowly winching the tractor-trailer unit backwards out of jackknife position. Once the tractor-trailer unit was winched far enough backwards, rigging was repositioned and additional rigging was placed on the tractor-trailer unit. TRIP operators had to walk additional equipment needed down the steep embankment and then added a heavy-duty recovery strap around the trailer, on the passenger side for added support while the 85-ton rotator was setup; the outriggers were extended and pads were placed on. The axle-lift rest pin was installed and the boom was rotated over towards the casualty. The two winchlines were pulled; one was ran to the heavy-duty recovery strap on the passenger side to support the trailer side while the other was ran to the rigging to the front driver's side of the trailer. Working all three rotators together, (85-ton & (2) 65-tons), the tractor-trailer unit was winched

**Total**

**Payments/Credits**

**Balance Due**

*Invoice*

**Robert Young's Auto & Truck, Inc.**

14760 Lee HWY., Buchanan, VA 24066
Mailing: 210 Carver Ave. NE, Roanoke, VA 24012

| Date | Invoice # |
|------|-----------|
| 3/19/2022 | 326137 |

Phone No.: 540-254-1193
Phone No.: 540-982-3809          ROBERTYOUNGTRUCKS.COM
Fax No.: 540-982-3855

*Please pay from this invoice!*
*Thank you!*

| Bill To |
|---------|

Ryder Truck Rental, Inc.
d/b/a Ryder
11690 NW 105th Street
Miami, FL 33178

EIN: 54-1787856

| Terms | | P.O. Number |
|-------|--|-------------|

| Qty. | Description | Amount |
|------|-------------|--------|
| | further up, where the trailer rear was at the top of the roadway. Now the tractor was clear enough for Hazmat to complete the pumping of the fuel tanks.  Once the fuel tanks were pumped and we were given the OK to proceed, we then continued winching the tractor-trailer unit further up the steep embankment. While the unit was being winched, other TRIP operators hand-picked and bagged debris from the scene.  The tractor-trailer unit then had additional rigging and winch-line(s) added to winch the tractor-trailer unit further up the steep embankment closer to the shoulder of the roadway. Next, an additional winchline with snatch-block was added to the middle of the trailer for additional support. We had to reset multiple times. Once the tractor-trailer unit was as far up the steep embankment as room would allow, the middle (65-ton) rotator had to be reset; the 85-ton and other 65-ton rotator held the tractor-trailer unit during the reset process. Then using all three rotators again (85-ton & (2) 65-tons) winched the trailer was completely back up beside the shoulder of the roadway. (1) Road tractor was then dispatched for later removal of the trailer. The 65-ton rotators continued winching the unit backwards while the 85-ton winched the tractor over towards the shoulder, until the tractor-trailer unit was on the shoulder of the roadway. The 85-ton rotator rigging was then disconnected and the unit was packed up; the outrigger pads were removed, the outriggers were retracted back in, the boom was rotated back in-line with the rotator body and the axle-lift rest pin un-installed. The 85-ton rotator cleared the scene while the 65-ton rotator from the middle was packed up, also with the outrigger pads removed and the outriggers retracted back in, the boom was rotated back in-line with the rotator body and the axle-lift rest pin was un-installed. Then the 65-ton rotator was moved up the scene and the 40-ton heavy-duty slider wrecker then moved in position in front of the wrecked damaged casualty tractor-trailer unit. The unit was prepped for hook up. Using the wheel-lift, the tractor was lifted, blocks were placed underneath the tractor, and then the tractor was hooked up using the "sling method" and strapped in place using ratchets and straps. Once hooked up the driveline was removed. Next, the trailer was disconnected from the tractor. The trailer landing gear was raised in-order for the tractor to be disconnected. Once disconnected the 40-ton heavy-duty slider wrecker pulled the tractor up, out of the way. Once the tractor was pulled up on the shoulder of the roadway, the front-rear axle had to be moved forwards as it was twisted! Once moved, we then replaced tires on the rear-axle with the front-rear | |

**Total**

**Payments/Credits**

# Balance Due



**Robert Young's Auto & Truck, Inc.**

14760 Lee HWY., Buchanan, VA 24066
Mailing: 210 Carver Ave. NE, Roanoke, VA 24012

Phone No.: 540-254-1193
Phone No.: 540-982-3809          ROBERTYOUNGTRUCKS.COM
Fax No.: 540-982-3855

Invoice

| Date | Invoice # |
|------|-----------|
| 3/19/2022 | 326137 |

*Please pay from this invoice!*
*Thank you!*

**Bill To**

Ryder Truck Rental, Inc.
d/b/a Ryder
11690 NW 105th Street
Miami, FL 33178

EIN: 54-1787856

| Terms | | P.O. Number |
|-------|---|-------------|

| Qty. | Description | Amount |
|------|-------------|--------|
| | axle tires. Next, the road tractor then pulled in place and backed up to the trailer. Once connected to the trailer, the landing gear was raised and airlines were ran to the unit for removal. During the tractor-trailer separation, the other 65-ton rotator was packed up; the outrigger pads were removed, the outriggers were retracted back in, the boom was rotated back in-line with the rotator body and the axle-lift rest pin was un-installed.  The roadway was shoveled and swept clean of mud & debris. All equipment cleared the scene and the tractor & trailer both were transported to storage at 14760 Lee Highway, Buchanan, VA, restoring the scene back to pre-accident conditions. Once at our storage facility the tractor & trailer both were placed in storage. The trailer reefer was checked again and seemed to be running as normal. | |
| | 85-Ton Rotator - Setup Charge | 1,000.00 |
| 5.5 | Hours @ $2,000.00 Per Hour 85-Ton Rotator | 11,000.00 |
| | 65-Ton Rotator No.: 1 - Setup Charge (TRIP #: 8049) | 1,000.00 |
| 5.5 | Hours @ $1,750.00 Per Hour 65-Ton Rotator  No.: 1 (TRIP #: 8049) | 9,625.00 |
| | 65-Ton Rotator No.: 2 - Setup Charge  (TRIP #: 8035) | 1,000.00 |
| 5.5 | Hours @ $1,750.00 Per Hour 65-Ton Rotator No.: 2  (TRIP #: 8035) | 9,625.00 |
| | 35-Ton Rotator - No Charge (TRIP #: 8048) | |

**Total**

**Payments/Credits**

**Balance Due**



**Robert Young's Auto & Truck, Inc.**

14760 Lee HWY., Buchanan, VA 24066
Mailing: 210 Carver Ave. NE, Roanoke, VA 24012

Phone No.: 540-254-1193
Phone No.: 540-982-3809          ROBERTYOUNGTRUCKS.COM
Fax No.: 540-982-3855

Invoice

| Date | Invoice # |
|------|-----------|
| 3/19/2022 | 326137 |

*Please pay from this invoice!*
*Thank you!*

**Bill To**

Ryder Truck Rental, Inc.
d/b/a Ryder
11690 NW 105th Street
Miami, FL 33178

EIN: 54-1787856

**Terms**

**P.O. Number**

| Qty. | Description | Amount |
|------|-------------|--------|
| | 50-Ton Heavy-Duty Slider Wrecker - No Charge (TRIP #: 2019) | |
| 5.5 | Hours @ $1,200.00 Per Hour 40-Ton Heavy-Duty Slider Wrecker (TRIP #: 2034) | 6,600.00 |
| | 30-Ton Heavy-Duty Slider Wrecker - No Charge (TRIP #: 8052) | |
| 5.5 | Hours @ $750.00 Per Hour Crash Truck With Recovery Support Trailer (TRIP #: 8051 & #: 8050) | 4,125.00 |
| 4 | Hours @ $350.00 Per Hour Road Tractor | 1,400.00 |
| 5.5 | Hours @ $500.00 Per Hour TRIP Supervisor | 2,750.00 |
| 5.5 | Hours @ $350.00 Per Hour Light Tower No.: 1 | 1,925.00 |
| 5.5 | Hours @ $350.00 Per Hour Light Tower No.: 2 | 1,925.00 |
| | Hands-Free Communication System Headsets | 500.00 |
| 5.5 | Hours @ $150.00 Per Hour Additional TRIP Operator No.: 1 | 825.00 |
| 5.5 | Hours @ $150.00 Per Hour Additional TRIP Operator No.: 2 | 825.00 |

**Total**

**Payments/Credits**

**Balance Due**



Invoice

## Robert Young's Auto & Truck, Inc.

14760 Lee HWY., Buchanan, VA 24066
Mailing: 210 Carver Ave. NE, Roanoke, VA 24012

Phone No.: 540-254-1193
Phone No.: 540-982-3809          ROBERTYOUNGTRUCKS.COM
Fax No.: 540-982-3855

| Date | Invoice # |
|------|-----------|
| 3/19/2022 | 326137 |

*Please pay from this invoice!*
*Thank you!*

| Bill To |
|---------|

Ryder Truck Rental, Inc.
d/b/a Ryder
11690 NW 105th Street
Miami, FL 33178

EIN: 54-1787856

| Terms | | P.O. Number |
|-------|-|-------------|

| Qty. | Description | Amount |
|------|-------------|--------|
| 5.5 | Hours @ $150.00 Per Hour<br>Additional TRIP Operator No.: 3 | 825.00 |
| 5.5 | Hours @ $150.00 Per Hour<br>Additional TRIP Operator No.: 4 | 825.00 |
| 5.5 | Hours @ $150.00 Per Hour<br>Additional TRIP Operator No.: 5 | 825.00 |
| 5.5 | Hours @ $150.00 Per Hour<br>Additional TRIP Operator No.: 6 | 825.00 |
| 5.5 | Hours @ $150.00 Per Hour<br>Additional TRIP Operator No.: 7 | 825.00 |
| 5.5 | Hours @ $150.00 Per Hour<br>Additional TRIP Operator No.: 8 | 825.00 |
| | Administration Fee (10%) | 5,907.50T |
| | Additional Charges: | |

Daily Storage Charge (Tractor) $125.00 Per Day X ___ Days.
From 03/19/2022 - __/__/2022.
(This figure is not available until confirmed release date.)

Daily Storage Charge (Trailer) $150.00 Per Day X ___ Days.
From 03/19/2022 - __/__/2022.
(This figure is not available until confirmed release date.)

Invoice Does Not Include Disposal Or Gate Fee (Tractor/Trailer) – Additional
Fees May Apply!

**Total**

**Payments/Credits**

# Balance Due

**Robert Young's Auto & Truck, Inc.**

14760 Lee HWY., Buchanan, VA 24066
Mailing: 210 Carver Ave. NE, Roanoke, VA 24012

Phone No.: 540-254-1193
Phone No.: 540-982-3809          ROBERTYOUNGTRUCKS.COM
Fax No.: 540-982-3855

| Date | Invoice # |
|------|-----------|
| 3/19/2022 | 326137 |

*Please pay from this invoice!*
*Thank you!*

| Bill To |
|---------|

Ryder Truck Rental, Inc.
d/b/a Ryder
11690 NW 105th Street
Miami, FL 33178

EIN: 54-1787856

| Terms | | P.O. Number |
|-------|-|-------------|

| Qty. | Description | Amount |
|------|-------------|--------|
| | 2016 International Pro Star (White) | |
| | VIN: 3HSDJAPR0GN015650 | |
| | Tag No.: 2314099 | |
| | Truck No.: 375242 | |
| | | |
| | 2012 Utility Trailer (White) | |
| | VIN: 1UYVS2539CM264203 | |
| | Tag No.: PA30238 | |
| | Trailer No.: 635765 | |
| | | |
| | Sales Tax | 313.10 |

| Total | $65,295.60 |
|-------|-----------|
| Payments/Credits | $0.00 |
| **Balance Due** | $65,295.60 |

Invoice